UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X

UNITED STATES OF AMERICA

    - against -                                    **ORDER**
                                                24-CR-1(KAM)
RAY BRITO,

               *Defendant*.

----------------------------------X

**KIYO A. MATSUMOTO**, *United States District Judge*:

    The Court is in receipt of Mr. Brito's June 23, 2025 motion for reconsideration of the portion of the Court's March 18, 2025 Memorandum and Order denying Mr. Brito's motion to suppress "based on the Court's ruling that [challenged] evidence is admissible as an inevitable discovery pursuant to an inventory search." (ECF No. 51 at 1 (citing ECF No. 46 at 35-44).) The Court is also in receipt of the government's June 24, 2025 opposition to Mr. Brito's motion (ECF No. 52), Mr. Brito's June 27, 2025 reply (ECF No. 54), and the government's June 30, 2025 submission in further opposition to the motion (ECF No. 55).

    As an initial matter, Mr. Brito's motion for reconsideration is untimely. Under Local Criminal Rule 49.1(b), "[a] motion for reconsideration of a court order determining a motion must be filed within 14 days after the court's determination of the original motion." Here, Mr. Brito's June 23, 2025 motion was filed 97 days

after the Court's March 18, 2025 Memorandum and Order.  In his June 23, 2025 and June 27, 2025 submissions, Mr. Brito neither acknowledges his delay, nor suggests any reason to excuse his delay.

Even if his motion were timely, Mr. Brito has not met the standard to grant a motion for reconsideration.  "[T]he standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court.'" *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  Mr. Brito does not cite "controlling decisions" overlooked by the Court.  Indeed, other than decisions cited or quoted in the March 18, 2025 Memorandum and Order, Mr. Brito cites no cases at all in his June 23, 2025 motion.

Mr. Brito instead contends that the Court's March 18, 2025 Memorandum and Order erred in concluding that "applicable inventory procedures would have inevitably led to the discovery of the challenged evidence." (ECF No. 51 at 2 (quoting ECF No. 46 at 40); ECF No. 54 at 1.)  As Mr. Brito properly notes, the Court cited the submitted inventory policy, which provides, *inter alia*,

2

that "personal property lawfully obtained from an arrestee 'should be carefully inventoried and promptly, thoroughly searched by agents,'" and that as a "general rule, after lawfully taking custody of property, FBI employees *must conduct* a prompt and thorough search of the contents of the property, including searching any locked or unlocked containers and inventorying their contents." (ECF No. 46 at 40 (quoting government exhibit ("GX") 21 §§ 19.7.3, 18.6.12.4.1.D)); *see* ECF No. 51 at 2.)

Specifically, in his reconsideration motion, Mr. Brito highlights a section of the applicable inventory policy stating that, "[w]henever there is probable cause to believe an inventory search would also yield items of evidence or contraband, agents must obtain a search warrant when feasible." (ECF No. 51 at 2 (emphasis removed; quoting GX 21 § 19.7.3).) The Court has already considered the entire inventory search policy submitted as GX 21 in reaching the conclusions of, and denying Mr. Brito's motion to suppress in, its March 18, 2025 Memorandum and Order. (*See* ECF No. 46 at 8–9, 39–41, 48.) Thus, Mr. Brito has not met the standard to grant a motion for reconsideration. *See United States v. McCoy*, 995 F.3d 32, 51 (2d Cir. 2021) (A motion for reconsideration "is inappropriate for the presentation of new facts or contentions, or for an attempt to reargue old ones." (citing *Shrader*, 70 F.3d at 257)), *vacated on other grounds*, 142 S. Ct. 2863 (2022); *see also*

*Lesch v. United States*, 372 F. App'x 182, 183 (2d Cir. 2010) ("a motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided" (citing *Shrader*, 70 F.3d at 257)).

In any event, Mr. Brito's contention that a provision of the inventory policy required arresting officers to apply for a search warrant in this case, even if accepted, would not alter the Court's conclusion that discovery of the contents of Mr. Brito's backpack was inevitable.  Mr. Brito apparently concedes, for purposes of his June 23, 2025 motion for reconsideration, that arresting officers had probable cause sufficient to obtain a warrant to search his backpack.  (*See* ECF No. 51 at 2 ("In this case, there can be no serious question that the [joint task force] – certainly in its own view, at least – had probable cause to believe that an inventory search of Mr. Brito's backpack would also yield items of evidence or contraband."); ECF No. 54 at 1 ("in this case, [officers] had probable cause to believe an inventory search would also yield evidence or contraband").)  And in this case, based on information obtained prior to the date of Mr. Brito's arrest, which included no information concerning the contents of Mr. Brito's backpack at the time of his arrest, a magistrate judge in this Court did, in fact, find probable cause to issue an arrest warrant. (*See* ECF No. 1 (arrest warrant affidavit).)

4

The same information submitted in support of a warrant to arrest Mr. Brito would have established probable cause to search Mr. Brito's backpack. *See United States v. Moldofsky*, No. 00-cr-388(RPP), 2000 WL 1818564, at *7 (S.D.N.Y. Dec. 12, 2000) (finding challenged evidence would have been inevitably discovered because information in application for arrest warrant "offered sufficient probable cause that a lawful search warrant would have been issued"); *accord Walczyk v. Rio*, 496 F.3d 139, 148, 161 (2d Cir. 2009) (search warrant not unlawful where it "used the same information" as arrest warrant).  Thus, it was inevitable that the contents of Mr. Brito's backpack would have been discovered—either as a result of a lawful inventory search or as a result of a lawful search pursuant to a warrant.  *See, e.g.*, *United States v. Eng*, 971 U.S. 854 (2d Cir. 1992) (summarizing *United States v. Whitehorn*, 829 F.2d 1225, 1231 (2d Cir. 1987), as holding that evidence from warrantless search was inevitably discovered where "overwhelming probable cause" existed); *see also United States v. Moreno*, No. 08-cr-605(CPS), 2009 WL 454548, at *7 n.7 (E.D.N.Y. Feb. 24, 2009) (officers would have inevitably discovered contents of canisters either through inventory search or search warrant).  To the extent probable cause to search Mr. Brito's backpack fell short of "overwhelming probable cause" such that there was "a residual possibility that a magistrate judge would have required

5

a stronger showing," *United States v. Cabassa*, 62 F.3d 470, 474 (2d Cir. 1995), arresting officers could still have searched Mr. Brito's backpack pursuant to the inventory search policy. *See United States v. Harris*, 636 F. Supp. 3d 319, 327 (E.D.N.Y. 2022) ("Here, the evidence would have been discovered in the course of an 'inventory search,' even absent probable cause.").

Thus, Mr. Brito has not identified matters "that might reasonably be expected to alter the conclusions reached by the court," *Commerzbank*, 100 F.4th at 377, and the Court therefore respectfully denies Mr. Brito's motion for reconsideration of the March 18, 2025 Memorandum and Order.

**SO ORDERED.**

Dated:  July 2, 2025
        Brooklyn, New York

_____
**Hon. Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

6